**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

JAY G. HARRIS, et al.,

Plaintiffs,

v. Civ. No. 24-331 MLG/GJF

NABORS DRILLING TECHNOLOGIES,
et al.,

Defendants.

**ORDER DENYING IN PART PLAINTIFFS' MOTION TO COMPEL AND REQUIRING PRODUCTION OF REDACTED SUMMARY SLIDES FOR EX PARTE *IN CAMERA* REVIEW**

**THIS MATTER** is before the Court on Plaintiffs' *Motion to Compel Production and Challenge to Nabors' First Amended Privilege Log* (Dkt. No. 155). The motion is fully briefed. *See* Resp., Dkt. No. 160; Reply, Dkt. No. 168. Having considered the briefing, record, and applicable law, the Court will deny the motion in part as described herein. Additionally, the Court will order Defendant Nabors Drilling Technologies USA, Inc. ("Nabors") to produce to the undersigned for *in camera* inspection the unredacted versions of documents NDTUSA001837-1838 and NDTUSA001833-1836, the production of which the Court will reserve ruling on until after its review.

## I. BACKGROUND

This case arises from a tragic workplace accident in which Jose Martin Moreno, Jr., who was working as a derrick hand for Nabors, sustained fatal injuries on July 4, 2022, at a well site in Eddy County, New Mexico. *See* Second Am. Compl. ¶¶ 12, 16-25, Dkt. No. 68; Answer ¶ 17, Dkt. No. 31. Plaintiffs sued Nabors and others for negligence, negligence per se, and gross negligence,

alleging that Nabors owned and/or built the rig and directed the disassembly activities on the day of the incident. Second Am. Compl. ¶¶ 18-29, Dkt. No. 68.

During discovery, Nabors produced a privilege log identifying five withheld items. *See* Pls.' Ex. 3, Dkt. No. 155-3. As relevant to this dispute, the privilege log contained an entry for "20220816- SIF Incident Investigation Report West Texas M7505 FTL v2 4860-3384-9134" (hereinafter "final root cause analysis" or "Final RCA"). *Id.* at 3 of 4. Plaintiffs filed a motion to compel on April 28, 2026, seeking documents regarding any root cause analysis, among others. Pl.'s Mot. to Compel, Dkt. No. 126.

The Court held a hearing on the motion, during which it ordered Nabors to produce for *in camera* inspection documents responsive to Request for Production ("RFP") 17 through 19 that had been withheld on either attorney-client privilege or work product or both. Clerk's Minutes 2, Dkt. No. 140. Defense counsel asked whether Nabors could produce a supplemental privilege log. *Id.* The Court responded that counsel was stuck with the privilege log in this record, but if there is an independent reason to update the log, then counsel might want to do so. *Id.* Although the Court noted that it did not need it, it did not bar Nabors from amending its privilege log. *See id.*

Nabors timely produced documents for *in camera* inspection, which included those on Nabors's original privilege log plus others. *See* Mem. Op. and Order 1, Dkt. No. 146; Resp. 2, Dkt. No. 160. The Court conducted its *in camera* review and thereafter issued a Memorandum Opinion and Order granting the motion to compel in part. *See id.* at 1-2, 12. As relevant here, the Court explained that only one of the documents was responsive to RFP 17 – the Final RCA. *Id.* at 6. After determining that Plaintiffs accepted the objection to "draft" root cause analyses, but not to "final" versions, the Court concluded that Nabors waived its privilege to the Final RCA and that no privilege applied to it. *See id.* at 6-10. The Court required the production of the Final RCA (RFP

17); all documents that identify the participants in any accident investigation or root cause determination performed by Defendant(s) (RFP 18); and all investigation reports, root cause analysis, and/or reports relating to the accident question created or reviewed by any third party (RFP 19). *See id.* at 10-12.

Subsequently, Nabors served its First Amended Privilege Log, identifying nine withheld documents, with the first four corresponding to entries in the original log. *Compare* Pls.' Ex. 4, Dkt. No. 155-4, *with* Pls.' Ex. 3, Dkt. No. 155-3. The amended log identifies the new entries as protected by the attorney client privilege and work product doctrine. Pls.' Ex. 4, Dkt. No. 155-4. Additionally, the amended log contains a "Produced, Redacted Documents" section. *Id.* at 5 of 6. As relevant here, Nabors identifies NDTUSA001837-1838 ("NBR X53 and M7505 Summary Slides") and NDTUSA001833-1836 ("West Texas X53 and M7505 Summary Slides") as documents it "*Produced with Redactions*" (hereinafter the "Redacted Summary Slides"). *Id.* at 6 of 6. The Redacted Summary Slides concerned this M7505 incident and the X53 incident, the latter of which Nabors redacted as not relevant to this case. *See id.* On August 21, 2026, the parties discussed at a meet-and-confer the production of testing/engineering documents and Nabors's relevance objection to producing documents about the X53 incident. Resp. 3, Dkt. No. 160.

## II. ARGUMENTS OF THE PARTIES

Thereafter, Plaintiffs filed their motion to compel. Plaintiffs requested that the Court compel production of Entries 5, 6, 8, and 9 in the amended privilege log, which were not identified in the original log. Pls.' Motion to Compel ("MTC") 3-6, Dkt. No. 155. Additionally, they requested disclosure of the Redacted Summary Slides as well as the underlying engineering materials referred to in the Final RCA. *See id.* at 4, 6-8.

Nabors opposes the motion. Resp., Dkt. No. 160. As to Entries 5 and 6, Nabors contends that these were draft incident investigation reports that it produced to the Court for *in camera* review, which the Court did not order produced. *Id.* at 3-4. With respect to Entries 8 and 9, Nabors contends that they are 2022 emails "between Nabors' counsel and its employees discussing the incident and providing legal advice to the company, including guidance about the draft internal investigation." *Id.* at 4. Nabors asserts that both emails were provided to the Court for *in camera* review and it did not order them to be produced. *Id.* Turning to the Redacted Summary Slides, Nabors argues they were produced in response to RFP 19 and were properly redacted based on lack of relevance. *Id.* at 6-8. As for the engineering materials, Nabors says that it produced the documents on August 21, 2026. *Id.* at 8.

In reply, Plaintiffs acknowledge that, after reviewing the August 21, 2026 production, they "no longer pursue the motion's request for additional engineering materials." Pls.' Reply 1, Dkt. No. 168. They also "do not relitigate the Court's ruling concerning draft root-cause analyses under" RFP 17, and thus, Entries 5 and 6 are no longer at issue. *See id.* at 1-2. The Court will therefore deny as moot Plaintiffs' requests to compel production of the documents described in Entries 5 and 6 and the engineering materials. Plaintiffs' motion to compel as to Entries 8 and 9 and the Redacted Summary Slides remains at issue. *Id.* at 1-3.

## III. STANDARD

Under Federal Rule of Civil Procedure 37(a)(3)(B), if a party fails to produce documents as requested under Rule 34, the party seeking discovery may file a motion to compel. *See* Fed. R. Civ. P. 37(a)(3)(B). Rule 26 defines the scope of discovery:

> Parties may obtain discovery regarding *any nonprivileged matter that is relevant to any party's claim* or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

> importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added). Courts should "liberally construe" Rule 26. *Anaya v. CBS Broadcasting, Inc.*, 251 F.R.D. 645, 649 (D.N.M. 2007). While discovery is broad, it is not without limits. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

## IV. ANALYSIS

### A. Entries 8 and 9

According to the amended privilege log, Entry 8 is an August 22, 2022, email from Nabors' counsel to Nabors' employees about the internal investigation and the attached draft investigation report. Pls.' Ex. 4, Dkt. No. 155-4 at 5 of 6. Its internal identification indicates it was intended to be shared with Devon. *Id.* Entry 9 is a September 28, 2022, email to Nabors' counsel and other Nabors employees. *See id.* The amended log describes it as an email in response to counsel's requests with an attached OSHA Form 300. *Id.*

Plaintiffs argue that these newly logged emails in Entries 8 and 9 are not subject to the Court's prior ruling. They contend that the documents are discoverable because mere attorney involvement does not render them privileged, and Entry 8 indicates the attached draft report was to be shared with Devon. As this Court previously ruled, Plaintiffs accepted the objection to "draft" root cause analyses. Nabors adequately preserved its privilege as to those documents. As part of its *in camera* inspection, this Court reviewed the documents listed as Entries 8 and 9 and determined the communications were both protected by the attorney-client privilege and not discoverable. The Court therefore denies Plaintiff's motion to compel their production.

**B. Redacted Summary Slides**

According to Plaintiffs, nothing in Rule 34 permits a producing party to redact portions based on a relevance objection. Plaintiffs argue they are entitled to evaluate the full context of the documents in the combined presentation, rather than rely on Nabors' position that the portion is irrelevant. For its part, Nabors argues that it produced the documents in response to RFP 19 but redacted the portions discussing a different incident on the X53 rig that occurred after the incident in this case. Nabors asserts that the redactions are proper because nothing in the Final RCA discusses or references the X53 incident; the X53 incident was not part of the internal investigation of the accident in this case; no RFP requested information concerning the X53 incident; and Plaintiffs' Third Amended Complaint does not allege a negligent pattern-or-practice claim. In reply, Plaintiffs contend that Nabors has not met its burden to show the portions may be redacted, given that they admit the documents are responsive to RFP 19 and the X53 and M7505 incidents were combined in the same slides.

Rule 34 requires the production of responsive *documents*. *See* Fed. R. Civ. P. 34. Consequently, "a party may not unilaterally redact information from documents it produces in litigation simply because the redacted information is irrelevant or non-responsive." *Ritchie v. Wal-Mart Stores East, L.P.*, Case No. 19-4067-SAC-ADM, 2020 WL 5369392, at *1 (D. Kan. Sept. 8, 2020). Allowing such redactions inserts another step in the process and is generally not necessary because parties usually are not harmed by producing irrelevant information. *Id.* That said, "a party may redact information in otherwise discoverable documents by meeting its burden to show the propriety of the redactions." *Id.* at *2 (citing *McNabb v. City of Overland Park*, No. 12-2331-CM-TJJ, 2014 WL 1152958, at *4 (D. Kan. Mar. 21, 2014)). To determine whether the redacted portions are relevant to the case and should be produced, the Court will first conduct an *in camera*

review of the Redacted Summary Slides. The Court will therefore reserve ruling as to whether Nabors must produce unredacted versions of the Redacted Summary Slides and issue a separate Order after that review takes place.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion to Compel Production and Challenge to Nabors' First Amended Privilege Log* (**Dkt. No. 155**) is **DENIED IN PART** as follows:

1. The Court **DENIES as moot** the motion to compel production of documents set forth in Entries 5 and 6 and the underlying engineering materials.
2. The Court **DENIES** the motion to compel production of documents set forth in Entries 8 and 9.
3. Defendant Nabors must send by **5:00 p.m. MT, Wednesday, October 7, 2026**, an *ex parte* email with the unredacted versions of documents NDTUSA001837-1838 and NDTUSA001833-1836 attached thereto to the undersigned's chambers for the Court's *in camera* review.
4. The Court **RESERVES RULING** on the request to produce the Redacted Summary Slides until after its *in camera* inspection.

**SO ORDERED**.

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE